# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

CHRISTOPHER FOSTER,

                 Petitioner,          :    Case No. 1:18-cv-259

    - vs -                              District Judge Susan J. Dlott
                                     Magistrate Judge Michael R. Merz

RON ERDOS, Warden,
 Southern Ohio Correctional Facility,

                                     :
                Respondent.

# ORDER TO TRANSFER TO THE COURT OF APPEALS

This habeas corpus case, brought *pro se* by Petitioner Christopher Foster, is before the Court on Petitioner's Motion to Amend Judgment (ECF No. 24).

Foster recites that his Motion is brought under Fed.R.Civ.P. 59(e) and cites case law interpreting that Rule. *Id.* at PageID 601, However, this Court's Order ending its jurisdiction over the case was entered July 20, 2018, when the case was ordered transferred to the United States Court of Appeals for the Sixth Circuit upon a finding that it was Foster's third habeas corpus application directed to the same state court judgment (ECF No. 17, PageID 546).

Upon transfer the circuit court agreed with this Court's finding that the application was second or successive and denied Foster authorization to proceed. *In re: Christopher Foster,* Case No. 18-3733 (6th Cir. Nov. 27, 2018)(unreported; copy at ECF No. 18).

Then on January 22, 2019, Foster moved for relief from judgment under Fed.R.Civ.P. 60(b)(1) and (6)(ECF No. 19). This Court again transferred the case to the Sixth Circuit as a

second or successive habeas petition (ECF No. 21).  The Sixth Circuit dismissed the transferred case for failure to comply with Sixth Circuit Rule 22.  In re:  Christopher Foster, Case No. 19-3087 (6th Cir. Mar. 18, 2019)(unreported; copy at ECF No. 23).

If Foster's instant Motion is read just as he has written it, it would be denied as untimely. Assuming a transfer order under 28 U.S.C. § 2244(b) is the functional equivalent of a judgment for finality purposes for Rule 59(e) purposes, the motion is grossly untimely; the deadline for such motions is twenty-eight days from the judgment and the original transfer order was entered July 20, 2018.

However, because Foster is a *pro se* litigant, he is entitled to have his pleadings liberally construed.  *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  Whatever caption Foster has put on the document, his prayer for relief asks that "this second habeas petition should be reviewed and granted upon this respectful request pursuant to 28 U.S.C. Section 2253(a) and Section 2254(d)(1)-(2).  See *White v. Ryan*, 2018 U.S. App. LEXIS 18921, ** 57 [9[th] Cir. 2018]." (ECF No. 24, PageID 615).

Because Foster has not been granted permission to file a second or successive habeas petition, this Court does not have jurisdiction to decide his application.  the Clerk is accordingly ordered to transfer this case to the United States Court of Appeals for the Sixth Circuit.

March 10, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge